Argued and submitted August 7, reversed and remanded October 7, 1998

STATE OF OREGON,
*Appellant,*

*v.*

WILLIAM EARL LIBBETT,
*Respondent.*

(96CR2213; CA A97142)

967 P2d 520

Holly Ann Vance, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General.

No appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from a pretrial order suppressing evidence of statements made by defendant, who previously had been convicted of a felony, to police officers who had approached him after observing him riding in a pickup in which rifles were visible. The trial court concluded, based on its understanding of our decision in *State v. Meyer*, 120 Or App 319, 852 P2d 879 (1993), that the officers were required to give *Miranda*-type warnings before questioning defendant about the rifles, because defendant was a convicted felon. The trial court also ruled that certain statements should be suppressed because it was unclear whether defendant or a companion had made them. We reverse.

The following evidence was presented at the hearing on the motion to suppress. On November 5, 1996, Officers Datan and Walker of the Myrtle Point Police Department observed defendant sitting in a pickup in a parking lot along with Byron Lee Holland and Kayleen Abel. Visible through the pickup's rear window was a rifle rack containing two rifles. The officers believed that both defendant and Holland had been convicted of felonies.[1] The officers parked their patrol car and approached the pickup. They did not turn on the overhead lights or use the siren of the patrol car before parking. When they reached the pickup, they engaged the occupants in conversation and asked the two men, who were well-known to the officers, for their birthdates, so that they could run a records check to verify their belief that both men had been convicted of felonies. The officers then asked if they could inspect the rifles. For safety purposes, the officers asked the three people to get out of the pickup while they inspected the rifles.

Datan testified at the hearing that he had asked what the rifles were for and that he had been told that they were for hunting. Datan was unable to recall whether both men had replied to his question or, if only one had replied, which one had. Walker then told the men that "ex-cons can't

---

[1] Officer Datan testified that he and Walker had seen the same three persons in that truck, with the rifles visible, some time earlier but had not stopped the truck at that time.

possess firearms," at which point both men started joking about having to use bows and arrows or clubs. Defendant then stated that he did not know that they were not supposed to have guns. The officers did not arrest anyone at that time. Defendant was later indicted for being a felon in possession of a firearm. ORS 166.250.

Defendant moved to suppress any evidence resulting from the November 5 encounter.[2] As grounds for suppression, defendant stated that: (1) the evidence had been obtained in violation of law; (2) the officers lacked reasonable suspicion or probable cause to stop defendant; and (3) defendant's statements were involuntary. Defendant also incorporated by reference any further grounds for suppression argued by his codefendant, Holland. Holland had filed a motion to suppress in his separate case in which he argued that *Meyer* required suppression because the officers had not given the men *Miranda*-type warnings before questioning them. It was only at the hearing on the motion to suppress that defendant raised an issue about the source of the statements.

■■ As a preliminary matter, we conclude that the fact that Datan was not sure which man had made which statement was not a proper ground to suppress the statements. Whether the statements were inadmissible because of an inability to identify their source is an evidentiary question, to be decided at trial or through a pretrial motion *in limine*. Accordingly, the only issue with respect to suppression is whether the officers were required to give defendant a *Miranda*-type warning before questioning him about the rifles or asking to inspect them. We conclude that such a warning was not required.

■ The law is well-established that *Miranda*-type warnings are required only when a person is in full custody or in circumstances sufficiently similar to custody that the person would recognize the circumstances to be compelling. *See State v. Zelinka*, 130 Or App 464, 473, 882 P2d 624 (1994), *rev*

---

[2] There is some confusion over the circumstances of defendant's motion to suppress. It originally was filed under the number of another criminal case in which defendant was involved. By the time of the hearing, however, it appears that the parties and the trial court understood that the motion was actually intended for this case.

*den* 320 Or 508 (1995). Here, the officers merely approached defendant and his friends while they were parked in a parking lot and asked about the rifles. The officers did not ask for identification, because they were acquainted with the men. The officers did ask for the men's dates of birth, in order to verify that both men had been convicted of felonies, but at no time did the officers indicate to the men that they had to supply that information or that they were not free to leave. The officers did not arrest the men or otherwise take them into custody. The circumstances of the officers' inquiry also were not in any way coercive. Nevertheless, the trial court suppressed the statements, because it believed that suppression was required by *Meyer*. We conclude that the language in *Meyer* on which the court based its conclusion was taken out of context and does not support an order to suppress in this case.

*Meyer* involved a defendant who had been arrested on an outstanding warrant for a federal narcotics violation. The warrant was executed by state and federal law enforcement officers, who kicked in the door to the defendant's residence, forced the defendant and his wife at gunpoint to lie on the floor, handcuffed the defendant and his wife, and then proceeded to ask the defendant and his wife about the location of various firearms, without first giving any *Miranda*-type warning. 120 Or App at 321. At one point, one of the officers asked the defendant's wife if she knew of any other weapons, and she stated that she thought that there might be a gun in the car. The officer asked if he could search the car, and she said "Sure." The officer then went to the defendant and told him that his wife had said that the officers could search the car. *Id.* The defendant then stated that there was a firearm in the car. On appeal, the defendant argued, *inter alia*, that his wife's consent was coerced and that his statement was a product of her coerced consent. In affirming that the trial court correctly had determined that any consent to search had been coerced, we stated that

> "[the trial court] also held that[,] because the police knew that defendant was an ex-convict, they could not have asked him about a gun in the car without first advising him of his rights * * *. The court was correct."

*Meyer*, 120 Or App at 330.

Although that statement, standing alone, would appear to require the suppression of the statements in this case, we conclude that it cannot be read out of the context in which it was made. That context is a case in which the defendant undeniably had been taken into custody and, therefore, should have been advised of his rights before any questioning likely to elicit an incriminating response took place. *See Rhode Island v. Innis*, 446 US 291, 300-01, 100 S Ct 1682, 64 L Ed 2d 297 (1980). Because the defendant in *Meyer* was an ex-convict, his acknowledgment that he possessed a firearm would have been self-incriminating. Hence, in context, the statement stands for nothing more than the well-established proposition that, when a person has been taken into custody or is in similarly compelling circumstances, *Miranda*-type warnings are required before the police may ask questions likely to elicit an incriminating response. Because defendant in this case had not been taken into custody, and because the circumstances were not coercive, we conclude that the trial court erred in suppressing the evidence of the statements.

Reversed and remanded.